UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAOMI AUSTIN and SYLVIA EDMOND | ) <br> ) Case Number <br> ) |
| Plaintiff | ) <br> ) |
| vs. | ) CIVIL COMPLAINT <br> ) |
| FMA ALLIANCE, LTD and SOVEREIGN BANK BANCORP, INC | ) <br> ) <br> ) JURY TRIAL DEMANDED |
| Defendant | ) <br> ) <br> ) |

COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiffs, Naomi Austin and Sylvia Edmond, by and through their undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully aver as follows:

I. INTRODUCTORY STATEMENT

1. Plaintiffs, Naomi Austin and Sylvia Edmond, are adult natural person and bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in the Commonwealth of Pennsylvania, the cause of action arose within the Commonwealth and the Plaintiffs reside in this District.

## III. PARTIES

4. Plaintiffs, Naomi Austin and Sylvia Edmond, are adult natural persons residing at 3902 Claridge Street, Philadelphia, PA 19124.

5. Defendant, FMA Alliance, LTD ("FMA"), at all times relevant hereto, is and was a Domestic Limited Partnership engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 11811 North Free Way, Suite 900, Houston TX 77060.

6. Defendant, Sovereign Bank Bancorp, Inc. ("Sovereign"), at all times relevant hereto, is a Corporation, within the Commonwealth of Pennsylvania with its principal place of business located at 1130 Berkshire Boulevard, Wyomissing, PA 19610.

7. Defendant, FMA is engaged in the collection of debts from consumers using the telephone and mail. Defendant, FMA regularly attempts to collect consumer debts alleged to be due to another. Defendant, FMA is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6). Defendant, FMA is also a "debt collector" as defined

by the FCEUA, 73 P.S. § 2270. Defendant, Sovereign Bancorp, Inc. is a "creditor" as defined by the FCEUA, 73 P.S. § 2270.4(b)

## IV. FACTUAL ALLEGATIONS

8. In the beginning of February 2009, Plaintiff, Sylvia Edmond started receiving phone calls from Defendant, FMA stating she owed an alleged debt to Chase Bank.

9. During one of these calls, Defendant, FMA's agent stated that Ms. Edmund needed to pay the alleged debt of $7,400.00 but Defendant, FMA would accept $718.00 by February 24, 2009, as an initial installment and undetermined monthly payments thereafter. Plaintiff, Edmond told Defendant, FMA's agent that she wasn't able to afford the payment plan at that time.

10. Defendant, FMA's agent told Plaintiff, Edmond that since her daughter, Naomi Austin is an authorized user on the account, Defendant, FMA would initiate a conference call between all parties and "settle this once and for all".

11. Defendant, FMA's agent called Plaintiff, Naomi Austin and stated, "We had your mother on the line but we must have lost the call." Defendant, FMA's agent demanded that Plaintiff, Austin give them a post dated check immediately in order to "keep the deal" of $3800.00 and that if Plaintiff, Austin did not give Defendant a post dated check then "the deal would be off" and Ms. Austin would be responsible for the whole amount.

12. Plaintiff, Naomi Austin, shaken and upset by Defendant, FMA's agent's threat, gave them a check post dated for February 26, 2009 in the amount of $1450.00.

13. On February 12, 2009, Plaintiff called Defendant, FMA and told its agent that her income tax return wasn't going to be available by February 26, 2009 and asked that Defendant, FMA not to attempt to deposit the post dated check.

14. Defendant, FMA's agent told Plaintiff that it was too late. Defendant, FMA was going to cash it because Plaintiff had already given them permission to do so. Plaintiff told Defendant, FMA's agent that she was going to call the bank and request a stop payment. Defendant, FMA's agent then stated, "You can do what you want. We will just have to take it to Chase Bank and pursue matters further."

15. On February 12, 2009, Plaintiff called Defendant, Sovereign and requested a stop payment. Defendant, Sovereign charged Plaintiff a $30.00 fee to fulfill Plaintiff's request. See statement attached hereto and marked as "**Exhibit A**".

16. On February 26, 2009 Defendant, FMA cashed the check through Plaintiffs bank, causing Plaintiff's account to overdraft which created another fee of $33.00.

17. Plaintiff called Defendant, Sovereign to make them aware that they had allowed Defendant, FMA to cash the post dated check after Plaintiff had requested and paid for a stop payment on check #121. Defendant, Sovereign then refunded the $33.00 insufficient funds fee. See statement attached hereto marked as "**Exhibit B**".

18. Plaintiff told Defendant, Sovereign that Defendant, FMA was not to be allowed to cash check # 121.

19. On March 9, 2009, Defendant, FMA, once again using check #121, cashed the check through Plaintiff's bank account without Plaintiff's permission.

20. On March 9, 2009, Defendant, Sovereign once again allowed Defendant, FMA to cash check #121. See statement attached hereto and marked "**Exhibit C**".

21. The Defendant, FMA knew or should have known that their actions violated the FDCPA. Additionally, Defendant, FMA could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, Defendant, FMA was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant, FMA as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

24. As a result of Defendant, FMA's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs' reputation, invasion of privacy, damage to Plaintiffs' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT 1 – FDCPA
### Naomi Austin and Sylvia Edmond v. FMA Alliance, Ltd.

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant, FMA was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692b(1), b(2), c(a)(1), c(b), c(c), d, d(2), d(5), d(6), e, e(2), e(5), e(7), e(10), e(11), f, f(1), f(5) and g.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendants, FMA Alliance, Ltd for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
(FCEUA, 73 Pa. C.S. § 2270.1 et seq.)
**Naomi Austin and Sylvia Edmond v. FMA Alliance, Ltd.**

28. Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

29. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

30. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

31. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

32. The actions of Defendant as aforesaid, constitute false, misleading or deceptive representations.

33. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

34. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

35. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, FMA Alliance, LTD and Order the following relief:

a.  Actual damages;

b.  Treble damages;

c.  An award of reasonable attorneys fees and expenses and costs of court; and

d.  Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.
## Naomi Austin and Sylvia Edmond v. FMA Alliance, Ltd.

36.  The foregoing paragraphs are incorporated herein by reference.

37.  Plaintiffs and Defendants are "Persons" to 73 Pa. C.S § 201-2.

38.  The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

39.  The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a.  Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b.  Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.  Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

40.  As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

41. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE,** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendants, FMA Alliance, LTD and Order the following relief:

a. An Order declaring that Defendant violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT IV
## BREACH OF CONTRACT
### Naomi Austin and Sylvia Edmond v. Sovereign Bank Bancorp, Inc.

42. The foregoing paragraphs are incorporated herein by reference.

43. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

44. Plaintiffs entered into a contract on February 20, 2009, for purposes of a stop payment on check (# 121) issued on February 20, 2009.

45. Defendant, Sovereign acknowledged such request and charged Plaintiffs $30.00 in order to effectuate such stop payment. See Exhibit "A".

46. Check (# 121) was presented to Defendant, Sovereign by Defendant, FMA for payment in the amount of $1450.00 on February 26, 2009.

47. Defendant, Sovereign honored Plaintiff's request for a stop payment on February 20, 2009, yet paid Defendant, FMA the $1450.00 upon presentment of check (#121) on February 26, 2009. Defendant, Sovereign then charged Plaintiff an insufficient funds fee of $33.00.

48. On February 27, 2009 following Plaintiffs demand to refund the monies pursuant to the stop payment request, Defendant, Sovereign refunded the $1450.00 and the $33.00 to Plaintiff, Sylvia Edmond's account.

49. Despite the above and ongoing stop request for check # 121, Defendant, Sovereign was again presented with check # 121 by Defendant, FMA on March 9, 2009 and Defendant, Sovereign once again honored the check and paid Defendant, FMA the $1450.00.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, Sovereign Bank Bancorp, Inc., for $1450.00 and Order such relief.

## COUNT V
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.
#### Naomi Austin and Sylvia Edmond v. Sovereign Bank Bancorp, Inc.

50. The foregoing paragraphs are incorporated herein by reference.

51. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

52. The UTPCPL proscribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

53. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, <u>inter alia</u>:

    a. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    b. Defendant engaged in deceptive or fraudulent conduct by failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods or services is made, 73 Pa. C.S. § 201-2(xiv);

54. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

55. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE,** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, Sovereign Bank Bancorp, Inc. and Order the following relief:

    a. An Order declaring that Defendant violated the UTPCPL;

    b. Actual damages;

    c. Treble damages;

    d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## VI  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: April 17, 2009    BY:    /s/ *Brent F. Vullings*
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff